John S. Purcell (SBN 158969)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
Email: john.purcell@arentfox.com

Attorneys for Defendant
LG ELECTRONICS USA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANSI NORTH AMERICA, LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS USA, INC., a Delaware corporation, and DOES 1-10,<br><br>Defendant. | Case No. 2:18-cv-03541 PSG (SKx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES FILED IN SUPPORT OF DEFENDANT LG ELECTRONICS USA, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed Concurrently with Notice of Motion and Motion for Summary Judgment; Separate Statement of Undisputed Facts; Declarations of John S. Purcell, Garry Wicka, and Laura Cohen; and [Proposed] Order submitted]*<br><br>Date: November 18, 2019<br>Time: 1:30 p.m.<br>Judge: The Hon. Philip S. Gutierrez<br>Courtroom: 6A<br><br>SAC filed: Sept. 24, 2018<br>Trial Date: January 14, 2020<br>Discovery Cut-Off: Aug. 28, 2019<br>Final PTC: December 16, 2019 |

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

# <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ..................................................................................................... 8

STATEMENT OF FACTS ....................................................................................... 8

I.     LG Hires a Firm to Create the First eBook ......................................... 9

II.    A Subsequent eBook and the Article Contain a Mistaken Caption ................................................................................................ 9

III.   Sansi Spots the Mistake and LG Immediately Corrects It................. 10

ARGUMENT .......................................................................................................... 11

I.     SANSI'S FALSE DESIGNATION CLAIM FAILS BECAUSE SANSI CANNOT DEMONSTRATE HARM ....................................... 11

    A.   LG Never Sold the Salesforce Wall or Removed Sansi's Name from It ............................................................................. 11

    B.   Sansi Has No Evidence of Conduct Likely to Cause "Actual Confusion or Mistake" ................................................ 12

    C.   Sansi Cannot Show Causation or Damages.............................. 13

        (1)   Sansi Must Provide Substantial Evidence of Damages for Its Passing Off Claim to Survive .............. 13

        (2)   Sansi Has No Admissible Evidence of Damages........... 14

        (3)   Sansi Cannot Seek "Lost Profits" from LG Because LG Engaged in No Willfully Infringing Conduct .......... 17

        (4)   Sansi Cannot Seek Penalties Under the Lanham Act .... 18

        (5)   A Recent Case from the Northern District of California Is Instructive ................................................ 19

II.    SANSI'S FALSE ADVERTISING CLAIM FAILS AS A MATTER OF LAW BECAUSE THERE WAS NO MATERIAL CONFUSION AND SANSI CANNOT SHOW CAUSATION OR DAMAGES .......................................................... 20

    A.   There Was No Material Confusion That Deceived a Substantial Segment of Potential Consumers and Influenced Buying Decisions..................................................... 20

    B.   Sansi Cannot Show Causation or Damages.............................. 22

III.   SANSI'S TRADE DRESS CLAIM FAILS BECAUSE THE SALESFORCE DISPLAY DOES NOT QUALIFY AS TRADE DRESS ................................................................................................. 23

    A.   There Is No Trade Dress Protection for the Completely Functional Sansi Wall................................................................ 23

    B.   Sansi's Witnesses Admitted the Salesforce Wall Is Completely Functional.............................................................. 25

    C.   Sansi Cannot Show Causation Or Damages............................. 27

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)

- 2 -

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS
## (continued)

**Page**

IV.    SANSI'S TRADE LIBEL CLAIM FAILS BECAUSE SANSI WAS NOT DISPARAGED, LG'S CONDUCT WAS NOT WILLFUL AND SANSI HAS NO DAMAGES .................................27

    A.    The Alleged Conduct Was Not Disparaging .............................27

    B.    Sansi Admits LG Did Not Disparage Its Products ...................28

    C.    There Is No Evidence of Malice ...............................................28

    D.    Sansi Cannot Show Any Lost Sales ..........................................29

V.    SANSI'S UNFAIR COMPETITION CLAIMS FAILS AS A MATTER OF LAW ..................................................................................29

    A.    The Salesforce Display Is Not Sansi's Property......................30

    B.    LG's Alleged Conduct Does Not Constitute Either Express Reverse-Passing Off Or Implied Reverse-Passing Off.............................................................................................30

    C.    No Damages Are Available for Sansi's Common Law Unfair Competition Cause of Action........................................31

CONCLUSION.......................................................................................32

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)

- 3 -

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*Allen v. Ghoulish Gallery*,
    2007 WL 4207923 (S.D.Cal. Nov. 20, 2007)................................................. 30, 32

6

7

*ALPO Petfoods, Inc. v. Ralston Purina Co.*,
    913 F.2d 958 (D.C. Cir. 1990) .............................................................................. 18

8

9

*American Automobile Ass'n of Northern California, Nevada & Utah v.*
    *General Motors LLC*,
    367 F. Supp. 3d 1072 (N.D. Cal. 2019)........................................................ 19, 20

10

*Bank of the West v. Super. Ct.*,
    2 Cal. 4th 1254 (1992).......................................................................................... 30

11

12

*Bobbleheads.com, LLC v. Wright Brothers, Inc.*,
    259 F. Supp. 3d 1087 (S.D. Cal. 2017) ............................................................... 13

13

14

*Brighton Collectibles, Inc. v. RK Texas Leather Mfg.*,
    923 F. Supp. 2d 1245 (S.D.Cal. 2013) ................................................................ 18

15

16

*City of Costa Mesa v. D'Alessio Investments, LLC*,
    214 Cal. App. 4th 358 (2013)............................................................................... 27

17

18

*Cleary v. News Corp.*,
    30 F.3d. 1255 (1994) ...................................................................................... 11, 12

19

20

*Color Me Mine Enters. Inc. v. S. States Mktg. Inc.*,
    No. CV 12-00860-RGK, 2013 WL 12119715 (C.D. Cal. Apr. 25,
    2013)...................................................................................................................... 16

21

22

*Committee for Idaho's High Desert, Inc. v. Yost*,
    92 F.3d 814 (9th Cir. 1996) ................................................................................. 16

23

24

*Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*,
    911 F.2d 242 (9th Cir. 2000)................................................................................ 20

25

26

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
    539 U.S. 23 (2003) ............................................................................................... 31

27

28

*Disc Golf Ass'n v. Champion Discs, Inc.*,
    158 F.3d 1002 (9th Cir. 1998) ................................................................. 23

*Erlich v. Etner*,
    224 Cal. App. 2d. 69 (1964) ................................................................... 29

*Fed. Agr. Mortg. Corp. v. It's A Jungle Out There, Inc.*,
    No. C 03-3721 VRW, 2005 WL 3325051 (N.D. Cal. Dec. 7, 2005) ............... 15

*Fractional Villas, Inc. v. Tahoe Clubhouse*,
    2009 WL 160932 (S.D. Cal. 2009) ..................................................... 12, 31

*Freecycle Network, Inc. v. Oey*,
    505 F.3d 898 (9th Cir. 2007) ................................................................. 11

*Grasshopper House, LLC v. Clean & Sober Media LLC*,
    Case No.: 2:18-cv-00923-SVW-RAO (C.D. Cal. Jul. 1, 2019) ...................... 15

*Groupion, LLC v. Groupon, Inc.*,
    859 F.Supp.2d 1067 (N.D Cal. 2012) ....................................................... 16

*Harper House, Inc. v. Thomas Nelson, Inc.*,
    889 F.2d 197 (9th Cir. 1989) ................................................................. 22

*Hartford Casualty Ins. Co. v. Swift Distribution, Inc.*,
    59 Cal. 4th 277 (2014) .................................................................... 27, 28

*Hydramedia Corp. v. Hydra Media Grp., Inc.*,
    392 F. App'x 522 (9th Cir. 2010) ........................................................... 17

*J-M Manufacturing Co., Inc. v. Phillips & Cohen LLP*,
    247 Cal. App. 4th 87 (2016) ................................................................. 27

*Leatherman Tool Group, Inc. v. Cooper Indus., Inc.*,
    199 F.3d 1009 (9th Cir. 1999) ............................................................... 23

*Lexmark International, Inc. v. Static Components, Inc.*,
    572 U.S. 118, 134 S.Ct. 1377, 188 L.Ed.2d 392 (2014) ......................... 13, 14

*Lindy Pen Co. v. Bic Pen Corp.*,
    982 F.2d 1400 (9th Cir. 1993), *abrogated on other grounds by
    SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.,* 839 F.3d 1179
    (9th Cir. 2016) ...................................................................... 13, 14, 17

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)                    - 5 -

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

*Luxul Technology Inc. v. Nectarlux, LLC*,
   78 F.Supp. 3d 1156 (N.D. Cal. 2015)............................................................ 12, 31

*McClaran v. Plastic Indus., Inc.*,
   97 F.3d 347 (9th Cir. 1996) ...................................................................... 14

*Millenium Laboratories, Inc. v. Ameritx, Ltd.*,
   817 F.3d 1123 (9th Cir. 2016) .................................................................. 23

*OTR Wheel Engineering, Inc. v. West Worldwide Services, Inc.*,
   897 F.3d 1008 (9th Cir. 2018) .................................................................. 30

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.*,
   227 F.3d 489 (5th Cir. 2000) .................................................................... 21

*Pogrebnoy v. Russian Newspaper Distrib., Inc.*,
   289 F. Supp. 3d 1061 (C.D. Cal. 2017) .................................................... 17

*Salinas Valley Memorial Healthcare System v. Monterey Peninsula Horticulture. Inc.*,
   2018 WL 2445349 (N.D. Cal. May 31, 2018) ......................................... 14

*Sandoz Pharm. Corp. v. Richardson-Vicks, Inc.*,
   902 F.2d 222 (3d Cir. 1990) ..................................................................... 21

*SkinMedica, Inc. v. Histogen, Inc.*,
   869 F.Supp. 2d 1176 (S.D.Cal. 2012) ...................................................... 31

*Spin Master, Ltd. v. Zobmondo Entm't, LLC*,
   944 F.Supp.2d 830 (C.D. Cal. Mar. 7, 2012) .......................................... 17

*Stone Creek, Inc. v. Omnia Italian Design, Inc.*,
   875 F.3d 426 (9th Cir. 2017) .................................................................... 17

*Strike It Rich, Inc. v. Jos. Schlitz Brewing Co.*,
   505 F.Supp. (D.D.C. 1980)....................................................................... 16

*TrafficSchool.com, Inc. v. Edriver Inc.*,
   653 F.3d 820 (9th Cir. 2011) .................................................................... 22

*Zito v. Steeplechase Films, Inc.*,
   267 F.Supp. 2d 1022 (N.D.Cal. 2003)...................................................... 30

Arent Fox LLP
Attorneys At Law
Washington

2:18-CV-03541 PSG (SKx)                     - 6 -                     MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

## Statutes

15 U.S.C. § 1125(a)(1)(A)........................................................................ 12

15 U.S.C. § 1125(c)(4)(A)........................................................................ 23

17 U.S.C. § 504 (c) ................................................................................. 18

California Bus. & Prof. Code §17200 ...................................................... 29

False Advertising under the Lanham Act (15 U.S.C. § 1125(a)(1)(B))................. 20

Lanham Act.................................................................................*passim*

Lanham Act (15 U.S.C. § 1125(a)) ....................................... 11, 13, 14, 23

Lanham Act Section 35, 15 U.S.C. § 1117(a) .................................... 13, 18

## Other Authorities

Restatement Second of Torts section 629 (1977)...................................... 27

1

### **INTRODUCTION**

2     This is a case about an honest mistake and Sansi North America, LLC

3 ("Sansi")'s cynical response to it.  In early 2018, LG Electronics USA, Inc. ("LG")

4 sponsored an article in a trade publication (the "Article") about developments in

5 Organic Light Emitting Diode (OLED) displays.

6     The outside firm that created the Article worked from a pre-existing

7 marketing piece, written a year before by another outside company, about

8 developments in digital signage.  This prior article featured several LG and non-LG

9 projects, including a picture of plaintiff Sansi's non-OLED display located in the

10 lobby of the Salesforce building in San Francisco.  The group that created the

11 Article assumed all the photographs in the previous article belonged to LG projects,

12 and mistakenly labeled the Salesforce display as an "LG OLED" project.  No one

13 caught the mistake before publication.

14     Shortly after the Article appeared, Sansi brought this mistaken caption to

15 LG's attention.  LG immediately apologized and arranged to have the caption and

16 picture removed.  LG also offered to place a correction in the same publication

17 where the mistaken caption appeared.  Sansi refused LG's offer and all subsequent

18 attempts to resolve the matter, and filed the current lawsuit instead.

19     All of Sansi's claims fail because, based on Sansi's own admissions, it can

20 show no damage, nor any material confusion, caused by this honest, and quite

21 small, mistake.

22

### **STATEMENT OF FACTS**

23     LG is an international electronics company headquartered in Seoul, South

24 Korea.  This case relates to LG's products in the digital signage market in the

25 United States, specifically its Direct View LED and OLED displays.  Direct View

26 LED is a flat panel display involving the use of light emitting diodes (LEDs).[1]

27

28 _____

[1] Declaration of Garry Wicka dated September 9, 2019 ("Wicka Dec.") ¶ 2.

OLED displays are a specific, advanced, version of LEDs that allow for tremendous flexibility and superior viewing angles compared to standard LED technology.  LG is currently the only company that sells large format OLED commercial displays.[2]

## I.    LG HIRES A FIRM TO CREATE THE FIRST EBOOK.

In 2017, LG hired Robin Duggan of 2.gc, Inc. to create an eBook about developments in digital signage ("eBook 1"), with a focus on LG OLED displays in particular.[3]  eBook 1 included pictures of several non-LG displays, including a video screenshot of Sansi's Salesforce LED display.  These pictures were included as examples of interesting ways businesses used digital signage.  The caption for the Salesforce picture in eBook 1 did not mention OLED or LG.[4]

## II.   A SUBSEQUENT EBOOK AND THE ARTICLE CONTAIN A MISTAKEN CAPTION.

About a year later, LG entered into an agreement with NewBay Media ("NewBay") for several marketing projects, including preparing the Article for placement in NewBay's Digital Signage Magazine, an industry publication with about 11,000 subscribers.[5]

The Article was intended to focus on LG OLED display capabilities.  Ms. Duggan was not involved in this effort.  However, when NewBay prepared the Article, it based some of its work on Ms. Duggan's pre-existing eBook about digital signage and included an image of the Salesforce Display.  NewBay mistakenly assumed all the pictures in the eBook were OLED displays and captioned picture of the Salesforce Display as a "custom built OLED screen."  This was a mistake, as the Salesforce Display was not OLED, but rather a conventional LED screen.[6]

---

[2] Wicka Dec. ¶ 2.
[3] Wicka Dec. ¶ 3.
[4] Wicka Dec. ¶ 3, Ex. A.
[5] Wicka Dec. ¶ 4; Declaration of Laura Cohen ("Cohen Dec") ¶ 5.
[6] Wicka Dec. ¶ 5; Cohen Dec. ¶¶ 5-6.

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)          - 9 -          MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

When the article was then reviewed by LG's in-house advertising agency, HSAd America, it updated the "OLED" references to "LG OLED" as part of a global change.  Because neither NewBay nor HSAd America was aware that the Salesforce Display was neither OLED nor created by LG, neither party spotted this mistake.  NewBay then received the copy back from HSAd America, and published it without further comment from LG.[7]  A digital version of the article, in downloadable eBook form ("eBook 2"), was available on NewBay's website.[8]

## III.    SANSI SPOTS THE MISTAKE AND LG IMMEDIATELY CORRECTS IT.

A few months later, in March 2018, Sansi's outside legal counsel informed LG about the mistake.  LG investigated and quickly arranged for NewBay to take immediate action to take down article off its site.[9]

LG also offered to place an ad in NewBay's Digital Signage Magazine to acknowledge its mistake.  Sansi rebuffed this offer and instead filed its Complaint in this action.[10]  Since that time, through discovery, Sansi has admitted that it cannot identify a single sale it lost, or that LG gained, because of the mistake, and that it cannot identify any customers or potential customers who mistakenly believe that LG created the Salesforce Display.[11]

///

///

///

---

[7]  Wicka Dec. ¶ 6, Ex. B (the picture in question appears on page 3); Cohen Dec. ¶¶ 6-10.

[8]  Declaration of John S. Purcell dated September 9, 2019 ("Purcell Dec") Exhibit A, excerpts from the Deposition of Dennis Hickey ("Hickey Tr.") at 126:24-127:18, 138-140; Exhibit B, excerpts from the Deposition of Rick Bortles ("Bortles Tr.") 104:18-105:14.

[9]  Declaration of John S. Purcell dated September 9, 2019 ("Purcell Dec") Exhibit A, excerpts from the Deposition of Dennis Hickey ("Hickey Tr.") at 126:24-127:18, 138-140; Exhibit B, excerpts from the Deposition of Rick Bortles ("Bortles Tr.") 104:18-105:14.

[10]  Wicka Dec. ¶ 11.

[11]  Purcell Dec. Ex. A. Hickey Tr. 67:2-10; Ex. B Bortles Tr. 43:7-16, 94; Ex. D, Sansi's  Response to LG's Special Interrogatories Nos. 2, 3, 4, 5, 11, 23, 24.

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)                 - 10 -                 MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

# ARGUMENT

## I.  SANSI'S FALSE DESIGNATION CLAIM FAILS BECAUSE SANSI CANNOT DEMONSTRATE HARM

Sansi's first claim is for false designation of origin in violation of the Lanham Act (15 U.S.C. § 1125(a)).  To establish this claim, Sansi must prove LG: (1) used in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or mistake, or to deceive, as to sponsorship, affiliation, or the origin of the goods or services in question.  *See Freecycle Network, Inc. v. Oey,* 505 F.3d 898, 902-04 (9th Cir. 2007).

### A.  LG Never Sold the Salesforce Wall or Removed Sansi's Name from It

Sansi alleges that the Article violated the Lanham Act because LG caused "a photograph of the Salesforce screen to be published in the Digital Signage Best Practices Guide with a caption falsely stating that the screen was custom built by LG….."[12]  This is the very definition of a "reverse passing off claim." *Cleary v. News Corp.*, 30 F.3d. 1255, 1260 (1994) ("'Reverse passing off' or 'reverse palming off' occurs when a product is mislabeled to mask the creator's contribution.").

The  9th Circuit limits reverse passing off to two situations, "express" and "implied" passing off:

> Reverse passing off is accomplished expressly when the wrongdoer removes the name or trademark on another party's product and sells that product under a name chosen by the wrongdoer. Implied reverse passing off occurs when the wrongdoer simply removes or otherwise obliterates the name of the manufacturer or source and sells the product in an unbranded state.

---

[12] SAC ¶ 24.

Arent Fox LLP
Attorneys At Law
Washington

2:18-CV-03541 PSG (SKx)

- 11 -

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

*Cleary,* 30 F.3d. at 1261.

Both types of passing off thus require (i) obliterating or removing the name of the source and then (ii) selling the product. *Id.* Neither occurred here - Sansi's name never appeared on the Salesforce display (and LG never removed it from the display), and LG never "sold" the Salesforce display or any facsimile thereof.[13] Accordingly, for this reason alone, Sansi's false designation of origin claim fails as a matter of law. *Luxul Technology Inc. v. Nectarlux, LLC*, 78 F.Supp. 3d 1156, 1171 (N.D. Cal. 2015) (In the 9th Circuit, "a reverse passing off claim requires the alteration of a product and a subsequent sale."); *see, e.g. Fractional Villas, Inc. v. Tahoe Clubhouse*, 2009 WL 160932 (S.D. Cal. 2009) (denying reverse-passing off claim because only plaintiff's content was used, not its actual products).

**B.    Sansi Has No Evidence of Conduct Likely to Cause "Actual Confusion or Mistake"**

A false designation claim must also be "likely to cause confusion or mistake, or to deceive, as to sponsorship, affiliation, or the origin of the goods or services in question." 15 U.S.C. § 1125(a)(1)(A).

Here, Sansi was asked in discovery to provide any occasion in which the Article caused confusion. Sansi identified a total of four clients who mentioned being confused by the Article, but admitted that  it has done business with each of them since the Article came out and that it is unaware of these companies, or any others, still being confused about who created the Salesforce Display.[14]

Sansi's head of marketing and communications, who oversees the processing of written inquiries to Sansi, was not aware of a single occasion where anyone indicated confusion in writing about the Salesforce display or doubted that Sansi

---

[13] Wicka Dec. ¶ 12; Purcell Decl. Ex. A, Hickey Tr. 50-52, 107:22-108:4; Ex B, Bortles Tr. 58-59, 69, 70:2-10.

[14] Purcell Dec. Ex A, Hickey Tr.83:17-85:20; Ex B, Bortles Tr. 121:23-123:4; Purcell Dec. Ex. D, Sansi Interrogatory Responses at Nos. 1, 6, 9, 10, 14.

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)                              - 12 -                              MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LG ELECTRONICS USA, INC.'S MOTION FOR SUMMARY JUDGMENT

created the display.[15]  NewBay made corrections that Sansi deemed acceptable and the mistaken caption is no longer available online.[16]

Further, as discussed below, Sansi cannot show anyone who actually made any purchasing decisions based on the mistaken caption.  Sansi's failure to show any actual confusion is fatal to its claims because specific showings of lost sales or reputational damage are required, and mere associations with unfavorable or unaffiliated parties do not suffice.  *See Bobbleheads.com, LLC v. Wright Brothers, Inc.*, 259 F. Supp. 3d 1087, 1097 (S.D. Cal. 2017) (Lanham Act plaintiff must generally show that "deception of consumers causes them to withhold trade from plaintiff," citing *Lexmark International, Inc. v. Static Components, Inc.,*572 U.S. 118, 134 S.Ct. 1377, 188 L.Ed.2d 392 (2014)).

### C.    Sansi Cannot Show Causation or Damages

#### (1)    Sansi Must Provide Substantial Evidence of Damages for Its Passing Off Claim to Survive

Sansi also cannot show that the caption caused it any damages.  Sansi claims damages under Section 1125(a) of the Lanham Act.[17]  This allows plaintiffs to recover (i) defendant's profits, (ii) any damages sustained by the plaintiff, and (iii) the costs of the action.

Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), governs the award of monetary remedies in false origination claims.  *Lindy Pen Co. v. Bic Pen Corp.,* 982 F.2d 1400, 1405 (9th Cir. 1993), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.,* 839 F.3d 1179 (9th Cir. 2016). "Damages are typically measured by any direct injury which a plaintiff can prove,

---

[15] Purcell Dec. Ex C, Leathers Tr. 24:16-27:10.

[16] Wicka Dec. ¶ 8; Purcell Dec. Ex. A, Hickey Tr. 126:24-127:18, 138-140; Ex. B, Bortles Tr. 104:18-105:14.

[17] SAC ¶¶27-48.

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)          - 13 -          MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

1  as well as any lost profits which the plaintiff would have earned but for the

2  infringement." *Id.*

3      Under the Lanham Act, a plaintiff must prove an injury to a commercial

4  interest in sales or business reputation, and then prove "proximate causation" such

5  that injuries to a commercial interest in sales or business reputation is proximately

6  caused by a defendant's misrepresentation. *Lexmark Intern., Inc.*, 572 U.S. at 140.

7  Suits based on §1125(a) must show "economic or reputational injury" flowing

8  directly from the deception wrought by defendant's advertising, which occurs

9  "when deception of consumers *causes those consumers to withhold trade from the*

10 *plaintiff.*"  *Id (emphasis added)*; *see also Salinas Valley Memorial Healthcare*

11 *System v. Monterey Peninsula Horticulture. Inc.*, 2018 WL 2445349 (N.D. Cal.

12 May 31, 2018).  Compensatory damages must be established with "reasonable

13 certainty" and not be based on speculation or conjecture. *McClaran v. Plastic*

14 *Indus., Inc.,* 97 F.3d 347, 361 (9th Cir. 1996).

15      **(2)     Sansi Has No Admissible Evidence of Damages**

16      Here, Sansi cannot show any economic or reputational injury, and certainly

17 none flowing from the Article or eBooks. Sansi's discovery responses and

18 deposition testimony instead show that:

19      • Sansi has not been able to identify a single sale LG received because

20        of the mistakes in the Article or the eBooks.[18]

21      • Sansi has not been able to show a single sale it lost as the result of the

22        Article or the eBooks.[19]

23

---

24 [18] Purcell Dec. Ex A, Hickey Tr. 65:19-21, 66:11-17, 67:2-10, 129:3-132:5; Ex B,
25 Bortles Tr. 43:7-16, 73:24-74:5, 90:8-11, 90:23-91:20, Ex. D, Sansi's First Set of
   Interrogatory Responses, Nos. 1-4; Ex. E, Sansi's Second Set of Interrogatory
26 Responses, Nos. 23 and 24.

27 [19] Purcell Dec. Ex A, Hickey Tr. 65:19-21, 66:11-17, 67:2-10, 129:3-132:5; Ex B,
   Bortles Tr. 43:7-16, 73:24-74:8, 90:8-11, 90:23-91:20, 93:11-21, 96:19-24; Ex. D,
28 Sansi's First Set of Interrogatory Responses, Nos. 1-4; Ex. E, Sansi's Second Set of
   Interrogatory Responses, Nos. 23 and 24.

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)                          - 14 -                          MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

- Sansi cannot show anyone who did business with it before the Article came out and who no longer does business with Sansi because of the Article or the eBooks.[20]
- Sansi's 30(b)(6) designee on damages could not identify any data to support the contention that Sansi missed out on "opportunity costs" as the result of the LG.[21]
- Sansi does not even sell OLED products,[22] so it cannot claim that any sales LG made in the OLED space were sales that Sansi "missed out on."
- After the Article came out, Sansi's Vice President of North American Channel Sales asked its dealers why they were not giving more business to Sansi.  None of the dealers mentioned LG as the reason.[23]

This is insufficient evidence to support damage claims.  *Fed. Agr. Mortg. Corp. v. It's A Jungle Out There, Inc.,* No. C 03-3721 VRW, 2005 WL 3325051, at *11 (N.D. Cal. Dec. 7, 2005) (summary judgment in trademark infringement case because plaintiff did not present "any evidence of damages or profits, much less damages or profits reasonable attributable to the alleged infringement.").  *See, also, Grasshopper House, LLC v. Clean & Sober Media LLC*, Case No.: 2:18-cv-00923-SVW-RAO, at *50 (C.D. Cal. Jul. 1, 2019) (Temporal connection between increase in profits and alleged violation not sufficient to establish lost profits with reasonable certainty).

Further, LG reviewed its records for the list of 102 people who downloaded eBook 2 provided by NewBay, and found that none of these companies placed an

---

[20] Purcell Dec. Ex A, Hickey Tr. 66:11-17, 67:2-10, 129:3-132:5; Ex B, Bortles Tr. 74:6-8, 82:21-83:21, 90:23-91:20, 93:11-21, 96:19-24; Ex. D, Sansi's First Set of Interrogatory Responses, Nos. 1-4; Ex. E, Sansi's Second Set of Interrogatory Responses, Nos. 23 and 24.

[21] Purcell Dec. Ex B, Bortles Tr. 97:2-99:20.

[22] Purcell Dec. Ex A, Hickey Tr. 31:3-7; Ex. B, Bortles Tr. 100:22-101:3.

[23] Purcell Dec. Ex B, Bortles Tr. 96:21-24,125:17-127:9.

Arent Fox LLP
Attorneys At Law
Washington

2:18-CV-03541 PSG (SKx)                    - 15 -                    MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

order for LG's Direct View LED display, and only one of the companies made a purchase of an LG OLED product.  That company had done business with LG for years prior to the publication of the Article or the eBook 2, and had bought OLED products from LG both before and after the Article and eBook 2 were published.[24]

As is plain from the uncontroverted testimony provided by Sansi, as well as its discovery responses, information provided by LG, and clear-eyed review of applicable case law, Sansi suffered no economic or reputational harm which can be in any way linked to the Article or eBook 2.

Sansi's inability to prove this vital element of its claims dooms them.  *See Committee for Idaho's High Desert, Inc. v. Yost,* 92 F.3d  814, 823 (9th Cir. 1996) (affirming summary judgment on damages in a trademark case because plaintiff failed to create genuine issue of fact as to actual damages); *Color Me Mine Enters. Inc. v. S. States Mktg. Inc.,* No. CV 12-00860-RGK (JCx), 2013 WL 12119715, at *9 (C.D. Cal. Apr. 25, 2013) (granting summary judgment in trademark infringement case because plaintiff's evidence and allegations were "simply speculative" and failed to establish with "reasonable certainty" that plaintiff directly experienced actual damages "as a proximate result" of defendant's infringement); *Strike It Rich, Inc. v. Jos. Schlitz Brewing Co.,* 505 F.Supp., 89,  91 (D.D.C. 1980) (motion for partial summary judgment granted in service mark infringement case when plaintiff repeatedly "failed to provide this Court or defendant with any proof of damage that could be tested or studied"); *Groupion, LLC v. Groupon, Inc.,* 859 F.Supp.2d 1067, 1081 (N.D Cal. 2012) (summary judgment in trademark infringement suit where plaintiff had "no evidence of any actual damages incurred").

---

[24] Wicka Decl.  ¶¶ 9-12, Ex. D.

Arent Fox LLP
Attorneys At Law
Washington

2:18-CV-03541 PSG (SKx)

- 16 -

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

1

### (3)   Sansi Cannot Seek "Lost Profits" from LG Because LG
### Engaged in No Willfully Infringing Conduct

In the Ninth Circuit, a plaintiff seeking disgorgement of a defendant's profits in a trademark infringement case must demonstrate that the defendant willfully infringed the mark. *Stone Creek, Inc. v. Omnia Italian Design, Inc.,* 875 F.3d 426, 439 (9th Cir. 2017) (*citing* 15 U.S.C. § 1117(a)). "Willfulness requires some showing of "a connection between a defendant's awareness of its competitors and its actions at those competitors' expense." *Id.* (internal quotation marks and citation omitted). A defendant's continued dissemination of false or misleading advertising statements after being confronted by a competitor does not establish willfulness if the defendant had a "genuine basis" to dispute a competitor's claims. *See Pogrebnoy v. Russian Newspaper Distrib., Inc.,* 289 F. Supp. 3d 1061, 1072 (C.D. Cal. 2017).[25]

"Willful infringement carries a connotation of deliberate intent to deceive." *See Lindy Pen Co.,* 982 F.2d at 1405. "Courts generally apply forceful labels such as `deliberate,' `false,' `misleading,' or `fraudulent' to conduct that meets this standard." *Id.* In particular, disgorgement is permitted only in those cases where the infringement is "willfully calculated to exploit the advantage of an established mark" or where the defendant is "attempting to gain the value of an established name of another." *Id.* at 1405-06 (citations omitted).

Here, Sansi has no basis to claim willfulness.  The caption was a mistake.[26] Further, as soon as it was discovered, LG:  (i) arranged for NewBay to take down the eBook containing it; (ii) offered to run a correction in the same magazine where

---

[25] Courts routinely grant summary judgment against plaintiff's request for disgorgement when the plaintiff has failed to raise a genuine dispute about willfulness. *See, e.g., Hydramedia Corp. v. Hydra Media Grp., Inc.,* 392 F. App'x 522, 522-23 (9th Cir. 2010) (finding district court did not err in granting summary judgment as to willfulness and profits where "[d]efendant was not trading off [p]laintiff's name" and "[d]efendant's infringement was not willful"); *Spin Master, Ltd. v. Zobmondo Entm't, LLC,* 944 F.Supp.2d 830, 849 (C.D. Cal. Mar. 7, 2012) ("Plaintiffs have not raised a genuine dispute over willfulness for disgorgement purposes and summary adjudication of this theory is warranted.").

[26] Wicka Dec. ¶¶ 5-15.

Arent Fox LLP
Attorneys At Law
Washington

2:18-CV-03541 PSG (SKx)            - 17 -            MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

the Article appeared; and (iii) refrained from making any further use of the mistaken material.[27]  As far as trading on the "established name of another," LG was not even aware of who Sansi was at the time the Article came out, and even Sansi admits that LG is a more well-known brand in the US.[28]

### (4)    Sansi Cannot Seek Penalties Under the Lanham Act

Given that Sansi has not shown any actual damages here, any relief it seeks is tantamount to a penalty.  The Lanham Act does not allow for penalties for inadvertent violations of the Act and only allows award of profits only to the extent the award "shall constitute compensation and not a penalty." 15 U.S.C. § 1117(a); *ALPO Petfoods, Inc. v. Ralston Purina Co.,* 913 F.2d 958, 969 (D.C. Cir. 1990) ("[T]he court must ensure that the record adequately supports all items of damages ... lest the award become speculative or violate [the Lanham Act's] prohibition against punishment.").

Here, this infringement claim arises from an indisputable mistake.[29] If Sansi could show a single instance where LG (i) made a sale as the result of its mistake; or (ii) knowingly made a false representation in an effort to make sales, LG's profits may have been at issue.  There is no evidence of the sort.[30]

The Lanham Act is simply not an appropriate vehicle to address the situation here—where the mistake was inadvertent, and did not result in increased sales to the defendant or diminished sales to the plaintiff.  *Brighton Collectibles, Inc. v. RK Texas Leather Mfg.*, 923 F. Supp. 2d 1245, 1258 (S.D.Cal. 2013) (requiring actual sales of intentional copies of a product to support damages claims).[31]

---

[27] Purcell Dec. Ex. A, Hickey Tr. 126:24-127:18; Cohen Dec. ¶¶ 9-10; Wicka Dec. ¶¶ 8-11.

[28] Wicka Dec.  ¶¶ 15-16; Cohen Dec. ¶ 12; Ex. B, Bortles Tr. 35:3-12, 46:5-9.

[29] Wicka Dec. ¶¶ 3-15; Cohen Dec. ¶¶ 6-12.

[30] Purcell Dec. Ex. A Hickey Tr. 65:19-21, 66:11-17, 67:2-10, 129:3-132:5; Wicka Dec. ¶¶14-16; Cohen Dec. ¶12.

[31] Sansi also claims statutory damages pursuant to 17 U.S.C. § 504 (c). Under this section, the copyright owner may elect to recover, instead of actual damages and

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)

- 18 -

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

### (5)    A Recent Case from the Northern District of California Is Instructive

*American Automobile Ass'n of Northern California, Nevada & Utah v. General Motors LLC*, 367 F. Supp. 3d 1072 (N.D. Cal. 2019) provides particular guidance on this issue.  In *AAA*, GM and AAA had a dispute over the use of a trademark.  Among other grounds, GM moved for summary judgment on the issue of monetary remedies because (1) there was no evidence that GM acted willfully; and (2) there was no evidence that AAA has experienced any actual damages as a result of GM's use of the AAA's mark.

On willfulness, GM established that it acted with reasonable good faith and that its infringement was not "willfully calculated to exploit the advantage of an established mark."  376 F.Supp.3d at 1104.  The court found for GM on the issue of willfulness despite the fact that GM failed to stop using the mark even after receiving a meet and confer letter.  Here, where LG was not even aware that Sansi had created the Salesforce display, and where LG immediately arranged for corrections when it was made aware of its mistake, the case against willfulness is even stronger.

The *AAA* court also granted judgment on the issue of damages.  Noting that damages "must be established with 'reasonable certainty' and not based on speculation or conjecture," the court ruled that plaintiff could not avoid summary judgment on the issue of damages when (i) it failed to provide damage calculations

---

profits, an award of statutory damages for all infringements involved in the action "in a sum of not less than $750 or more than $30,000 as the court considers just." In a case where the copyright owner proves that infringement was committed willfully, the court has the discretion to increase the award of statutory damages to a sum of not more than $150,000.  By this same measure, if LG can show it was not aware and had no reason to believe that its acts constituted an infringement of copyright, the court may reduce the award of statutory damages to a sum of not less than $200.

Arent Fox LLP
Attorneys At Law
Washington

2:18-CV-03541 PSG (SKx)                        - 19 -                        MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

in response to discovery; and (ii) its witnesses could not identify any specific damages during depositions.  *Id* at 1106.

The facts in *AAA* are nearly identical to the case at bar.  Sansi was repeatedly asked for damage calculations and provided none.  Its witnesses could not identify any specific instances of lost sales.  As in *AAA*, summary judgment is appropriate.

## II.   SANSI'S FALSE ADVERTISING CLAIM FAILS AS A MATTER OF LAW BECAUSE THERE WAS NO MATERIAL CONFUSION AND SANSI CANNOT SHOW CAUSATION OR DAMAGES

Sansi's second claims is for False Advertising under the Lanham Act (15 U.S.C. § 1125(a)(1)(B)).  Sansi alleges that the Article caused confusion in the digital signage community that is likely to influence the purchasing decisions by Sansi's customers and consultants.

The elements of a Lanham Act false advertising claim are:  (i) the defendant made a false or misleading statement of fact in a commercial  advertisement about a product; (ii) the statement either deceived or had the capacity to deceive a substantial segment of potential consumers; (iii) the deception is material, in that it is likely to influence the consumer's purchasing decision; (iv) the product is in interstate commerce; and (v) the plaintiff has been or is likely to be injured as a result of the statement.  *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 244 (9th Cir. 2000).

LG acknowledges that the caption in the Article and eBook 2 was incorrect.  However, Sansi has shown in discovery it cannot support any of the other elements of this claim.

### A.   There Was No Material Confusion That Deceived a Substantial Segment of Potential Consumers and Influenced Buying Decisions

A plaintiff must demonstrate that the false or misleading advertising or promotion at issue is "material."  *JTH Tax, Inc. v. H&R Block East Tax Serv., Inc.*, 28 Fed. App. 207 (4th Cir. 2002).  Materiality centers on whether the false or

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)                    - 20 -

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

1   misleading advertisement deceives or is likely to deceive.  *Pizza Hut, Inc. v. Papa*

2   *John's Int'l, Inc.*, 227 F.3d 489, 502 (5th Cir. 2000); *Sandoz Pharm. Corp. v.*

3   *Richardson-Vicks, Inc.*, 902 F.2d 222, 228-29 (3d Cir. 1990).

4         Here, neither the Article nor eBook 2 is currently available, so they are not

5   "deceiving or likely to deceive."  Sansi was asked in discovery to provide any

6   occasions in which the Article caused confusion.  Sansi identified a total of four

7   clients who mentioned being confused by the Article, but admitted that all four are

8   still doing business with Sansi and it is unaware of any clients that are still confused

9   about whether Sansi or LG built the Salesforce Display.[32]

10        Sansi's head of marketing and communications, who oversees the processing

11  of written inquiries to Sansi, was not aware of a single occasion where anyone

12  indicated confusion about the Salesforce display or doubted that Sansi created the

13  display.[33]  NewBay made corrections deemed acceptable by Sansi and the mistaken

14  caption is no longer available online.[34]

15        There is also no evidence of anyone making any purchasing decision based

16  on the mistaken caption—Sansi can show no lost sales due to the caption, nor can it

17  show any sales LG made because of it.[35]

18        Aside from Sansi's lack of evidence, LG can also affirmatively show that no

19  sales were made based on the mistaken caption.  The technology involved here is

20  used on substantial projects, which make it easier to track.  LG became involved in

---

[32]  Purcell Dec.  Ex A, Hickey Tr. 83:17-85:20; Ex B, Bortles Tr. 121:23-123:4; Purcell Dec. Ex. D, Sansi Interrogatory Responses at Nos. 1, 6, 9, 10, 14.

[33]  Purcell Dec. Ex C, Leathers Tr. 24:16-27:10.

[34]  Wicka Dec. ¶¶ 6-8, 15; Purcell Dec. Ex. A, Hickey Tr. 126:24-127:18, 138-140; Ex. B, Bortles Tr. 104:18-105:14.

[35]  Purcell Dec. Ex A, Hickey Tr. 66:11-17, 67:2-10, 129:8-132:5; Ex B, Bortles Tr. 74:6-8, 82:21-83:21, 90:23-91:20, 93:11-21, 96:19-24; Ex. D, Sansi's First Set of Interrogatory Responses, Nos. 1-4; Ex. E, Sansi's Second Set of Interrogatory Responses, Nos. 23 and 24.; Wicka Dec.  ¶ 12-15.

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)                - 21 -                MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

only four Direct View LED projects after the Article appeared, none of which were obtained in any manner relating to the Article or eBook 2.[36]

Similarly, LG's made no OLED sales as a direct result of the Article or eBook 2.[37]  LG has no correspondence from any OLED client that mentions Sansi or the Salesforce Display, which makes sense, because the Salesforce Display *was not OLED*.[38]  LG also did not put any leads in its marketing database it received from NewBay after the Article and eBook 2 came out.[39]

Finally, the fact that LG did not make the mistake in "head to head" advertising makes a damage award even less appropriate.[40]  *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 830 (9th Cir. 2011) ("an award of profits with no proof of harm is an uncommon remedy in a false advertising suit. It's appropriate in false *comparative* advertising cases, where it's reasonable to presume that every dollar defendant makes has come directly out of plaintiff's pocket…The reason there is that plaintiff is unlikely to have lost any sales or sale contracts to defendant, and the damages must be measured by defendant's gains from the illicit use."); *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 208-09 (9th Cir. 1989) ("When advertising does not directly compare defendant's and plaintiff's products," the injury to plaintiff "may be a small fraction of the defendant's sales, profits, or advertising expenses.").

### B.  Sansi Cannot Show Causation or Damages

As with its false designation of origin claim, Sansi's false advertising claim fails because Sansi cannot show causation or damages relating to the mistaken caption.  LG incorporates its argument on these points by reference.

---

[36] Wicka Dec. ¶¶ 12-13.
[37] Wicka Dec. ¶¶ 14-16.
[38] Wicka Dec. ¶ 14.
[39] Wicka Dec. ¶ 9.
[40] Wicka Dec. ¶ 16; Purcell Dec. Ex. A, Hickey Tr. 86:10-87:3.

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)                    - 22 -                    MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

III.   **SANSI'S TRADE DRESS CLAIM FAILS BECAUSE THE SALESFORCE DISPLAY DOES NOT QUALIFY AS TRADE DRESS**

Sansi's third cause of action is for trade dress infringement under the Lanham Act (15 U.S.C. § 1125(a)).  Sansi alleges the physical components of the screen are Sansi trade dress due to the unique design and that LG's use of the photo infringed Sansi's trade dress.

A.   **There Is No Trade Dress Protection for the Completely Functional Sansi Wall**

The elements of a trade dress infringement cause of action under the Lanham Act are "(1) that its claimed dress is nonfunctional; (2) that its claimed dress serves a source-identifying role either because it is inherently distinctive or has acquired secondary meaning; and (3) that the defendant's product or service creates a likelihood of consumer confusion." *Millennium Laboratories, Inc. v. Ameritox, Ltd.*, 817 F.3d 1123 (9th Cir. 2016).

Generally, a product feature is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article. "A product feature need only have *some* utilitarian advantage to be considered functional." *Disc Golf Ass'n v. Champion Discs, Inc.,* 158 F.3d 1002 (9th Cir. 1998). Trade dress, taken as a whole, is functional if it is "in its particular shape *because it works better in this shape." Leatherman Tool Group, Inc. v. Cooper Indus., Inc.,* 199 F.3d 1009, at 1013 (9th Cir. 1999) (emphasis added).

Sansi has the burden to prove that the trade dress, taken as a whole is not "functional."  *See* 15 U.S.C. § 1125(c)(4)(A).  Indeed, the Ninth Circuit has suggested that in order to establish nonfunctionality, the party with the burden must demonstrate that the product feature serves no purpose other than identification. *Disc Golf*, 158 F.3d at 1007.

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)                    - 23 -                    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LG ELECTRONICS USA, INC.'S MOTION FOR SUMMARY JUDGMENT

1       In discovery, Sansi could not identify a single aspect of its wall that was not

2   actually functional.  When trying to do so in its interrogatory responses, Sansi

3   stated that the physical components of the screen:

> are a unique combination of elements custom designed to
> maximize the space and enhance the aesthetics of the screen,
> such as the size and number of pixels, the unusually long length
> of the screen and the placement of the LED components so as to
> create the appearance that the creative content moves off the
> screen.[41]

8   Oddly, these are actually all *utilitarian* aspects of the produce in question—a video

9   screen.  For these to qualify as trade dress, they would need to serve "no purpose

10  other than" to suggest to the outside world that this display belongs to Sansi.  Sansi

11  has failed to show how these characteristics "identify" that this product comes from

12  Sansi in any way.  Instead, Sansi admitted just the opposite, that the only way to tell

13  who designed the display would be to "pull off the panel" or "ask someone."[42]

14  Sansi does not even put its name on its displays.[43]

15      Further, the shape of the display and the content displayed (which are the

16  only aspects that can actually be gleaned from the small picture of the display in the

17  Article and eBook 2) are admittedly *not owned by Sansi*.  Sansi admits the actual

18  shape of the display came from Salesforce, and that the content itself was created

19  by a third party.[44]  This means Sansi's trade dress claim must be limited to the

20  actual LEDs in the display.  As detailed below, Sansi admits that the only purpose

21  of the LEDs is, in fact, to emit light and display videos.  These admittedly

22  utilitarian functions cannot serve as "trade dress."

23      Finally, Sansi claims that "no other LED video screen in the world is

24  designed or looks precisely like this one."[45]  This means this configuration has

---

25  [41] Purcell Dec. Ex. D, Sansi's Responses to Interrogatory No. 17.

26  [42] Purcell Dec. Ex. B, Bortles Tr. 69:3-7, 70:2-10.

27  [43] Purcell Dec. Ex. A, Hickey Tr. 28:12-16.

28  [44] Purcell Dec. Ex. A, Hickey Tr. 33:12—36:20; Ex. B, Bortles Tr. 59:16-60:14.

[45] Purcell Dec Ex. B, Bortles Tr 24:6-25:18; SAC ¶39.

Arent Fox LLP
Attorneys At Law
Washington

2:18-CV-03541 PSG (SKx)

- 24 -

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

never been used anywhere else, and thus could hardly serve the unique and solitary purpose of "branding," as required by Ninth Circuit law.

**B.      Sansi's Witnesses Admitted the Salesforce Wall Is Completely Functional.**

At deposition, Sansi's CEO flat out admitted that the entirety of the display is functional.[46] He also made clear that no part of the display serves any actual "trade dress" purpose:

> Q. "Is there any part of that display that Sansi put in there just doesn't serve any function, but it's there so people know that Sansi put that display up?  Can you identify anything that fits that definition.
>
> A. That—the answer is no."[47]

Sansi's Rick Bortles, a longtime LED expert and Sansi's Vice President of North American Channel Sales, testified that the only purpose of an LED was to "emit light" and that the only function of Sansi's video displays is to display videos.  That is their "only function."[48]  Further, with respect to the Salesforce Display, there is nothing about it that would allow a person to know it was a Sansi project:

> Q.  Is there anything about it that when you see it will let you know it was Sansi, or do people generally have to ask?
> A.  People have to ask.  I mean, I think you have to ask a receptionist or somebody.[49]

And with respect to video displays in general, Sansi admitted that the only way to know who made it is to ask someone or to "pull a panel off":

> Q.  When you look at other projects, do you have any way of knowing who makes them just by looking at them, or do you have to ask as well?

---

[46] Purcell Dec Ex. A, Hickey Tr. 104:6-23.

[47] Purcell Dec Ex. A, Hickey Tr. 107:22-108:4

[48] Purcell Dec Ex. B, Bortles Tr. 67:23-68:22.

[49] Purcell Dec. Ex B, Bortles Tr. 68:23-69:7.

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)                     - 25 -

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

MS. MANKEY: Objection.  Vague and ambiguous.  Incomplete hypothetical.

A.  It's very difficult, from 20 feet away, to tell who made it.  You really have to either ask for pull a panel off.  You can tell—

Q.  How could you tell from pulling a panel off?

A.  The back of it usually has a log or something like that.[50]

Sansi's senior executives also admitted the following:

- People generally cannot tell the Salesforce project was from Sansi just by looking at it.[51]

- The Salesforce project was "turn-key" and Sansi does not own any part of it.[52]

- The actual shape and location of the display came from Salesforce, not Sansi.[53]

- Sansi has no copyright, trademark or trade dress registrations relating to the Salesforce project.[54]

- Sansi had no role in creating any of the content for the Salesforce display.[55]

- Each Sansi display, including Salesforce, is a custom project.[56]

These statements demonstrate that even Sansi understood the Salesforce Project to be entirely functional, and therefore not worthy of trade dress protection, and not the subject matter for a trade libel cause of action.

---

[50] Purcell Dec. Ex B, Bortles Tr. 70:2-15.

[51] Purcell Dec. Ex A , Hickey Tr. 26:12-16, 28:24-30:6;  51:17-52:15, Ex. B, Bortles Tr. 58:10-15, 69:3-7, 70:2-15.

[52] Purcell Dec. Ex. A, Hickey Tr. 37:3-21; Ex. B, Bortles Tr. 53:15-18.

[53] Purcell Dec. Ex. A, Hickey Tr. 33:12-36:20; Ex. B, Bortles Tr. 59:16-60:14.

[54] Purcell Dec. Ex. A, Hickey Tr. 134:24-135:18; Ex. E, Sansi's Response to Second Set of Interrogatories, Resp. No. 21.[55] Purcell Dec. Ex. A, Hickey Tr. 33:13-36:20; Ex. B, Bortles Tr. 23:11-14, 24:23--25:18, 59:16-60:14.

[55] Purcell Dec. Ex. A, Hickey Tr. 33:13-36:20; Ex. B, Bortles Tr. 23:11-14, 24:23--25:18, 59:16-60:14.

[56] Purcell Dec. Ex. B, Bortles Tr 24:6-25:18; SAC ¶39

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)          - 26 -          MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LG ELECTRONICS USA, INC.'S MOTION FOR SUMMARY JUDGMENT

### C.    Sansi Cannot Show Causation Or Damages

Sansi's trade dress claim also fails for the same reasons its other Lanham Act claims fail—it cannot show causation or damages.  LG incorporates its argument on these points by reference.

## IV.    SANSI'S TRADE LIBEL CLAIM FAILS BECAUSE SANSI WAS NOT DISPARAGED, LG'S CONDUCT WAS NOT WILLFUL AND SANSI HAS NO DAMAGES

Sansi's fourth cause of action is for trade libel.  Under California law, "[t]rade libel is the publication of matter disparaging the quality of another's property, which the publisher should recognize is likely to cause pecuniary loss to the owner.  The tort encompasses 'all false statements concerning the quality of services or product of a business which are intended to cause that business financial harm and in fact do so.'"  *City of Costa Mesa v. D'Alessio Investments, LLC,* 214 Cal. App. 4th 358, 376 (2013); (citation omitted).  For a statement to constitute trade libel, it must be made with actual malice, that is, with knowledge it was false or with reckless disregard for whether it was true or false." *J-M Manufacturing Co., Inc. v. Phillips & Cohen LLP*, 247 Cal. App. 4th 87, 97  (2016).

Sansi lacks nearly every element of this claim.  The article did not disparage Sansi, the mistake was clearly made without "intention," and it was not intended to cause harm (nor has Sansi shown any harm caused).

### A.    The Alleged Conduct Was Not Disparaging

According to section 629 of the Restatement Second of Torts (1977), "[a]statement is disparaging if it is understood to cast doubt upon the quality of another's land, chattels or intangible things, or upon the existence or extent of his property in them, and (a) the publisher intends the statement to cast the doubt, or (b) the recipient's understanding of it as casting the doubt was reasonable. " *Hartford Casualty Ins. Co. v. Swift Distribution, Inc*., 59 Cal. 4th 277, 288 (2014). "What distinguishes a claim of disparagement is that an injurious falsehood has

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)                    - 27 -                    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LG ELECTRONICS USA, INC.'S MOTION FOR SUMMARY JUDGMENT

been directed specifically at the plaintiff's business or product, derogating that business or product and thereby causing that plaintiff special damages." *Id.* at 294.

Here, the mistaken caption contained no disparaging information about Sansi. It mistakenly described the Salesforce Display as "LG OLED." The caption does not mention Sansi, nor did it question the quality of any of Sansi's products.

**B.      Sansi Admits LG Did Not Disparage Its Products**

Sansi identified no occasions where LG criticized Sansi's products in discovery.[57] At deposition, Sansi's CEO testified that he was never aware of LG disparaging Sansi's products.[58]

Q.  Are you aware of any occasions where LG affirmatively said that Sansi's products were bad?

A.  Sansi's products were bad?

Q.  Right.

A.  No………

Q.  Have you ever heard of LG going out and saying Sansi's products were of poor quality?

A.  No.  I would expect they wouldn't since they copied us.[59]

Sansi's Vice President of North American Channel Sales testified to that fact as well.[60] There is simply no evidentiary basis for this claim.

**C.      There Is No Evidence of Malice**

LG did not create the Article or the eBooks with any malice towards Sansi.[61] LG was not even aware that Sansi existed at the time and at no time in creating the Article or the eBooks did LG intend to harm Sansi.[62] Further, the alleged

---

[57] Purcell Dec. Ex. D, Sansi's Responses to Interrogatory No. 18.

[58] Purcell Dec. Ex. A, Hickey Tr. 140:10-22.

[59] *Id.*

[60] Purcell Dec. Ex. B, Bortles Tr. 49:19-50:2.

[61] Wicka Dec. ¶¶ 15-16; Cohen Dec ¶ 9.

[62] Wicka Dec. ¶¶ 15-16; Cohen Dec. ¶ 9.

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)        - 28 -        MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

"disparagement" consisted of LG referring to the Sansi project as being "from" LG. It makes no sense that LG would intend to "insult" Sansi's work by associating it with LG.

### D.   Sansi Cannot Show Any Lost Sales

"While . . . general damages are presumed in a libel of a businessman, this is not so in action for trade libel." *Erlich v. Etner*, 224 Cal. App. 2d. 69 (1964). "[The] plaintiff must prove in all cases that the publication has played a material and substantial part in inducing others not to deal with him, and that as a result he has suffered special damages. . . . Usually, . . . the damages claimed have consisted of loss of prospective contracts with the plaintiff's customers…This means, in the usual case, that the plaintiff must identify the particular purchasers who have refrained from dealing with him, and specify the transactions of which he claims to have been deprived.' " *Id.*  As detailed above, Sansi, by its own admission, cannot identify any specific sales it lost.

Because Sansi cannot establish the baseline elements needed to maintain its for trade libel, summary judgment should be granted in LG's favor.

### V.   SANSI'S UNFAIR COMPETITION CLAIMS FAILS AS A MATTER OF LAW

Sansi's sixth cause of action was pleaded under California Bus. & Prof. Code §17200.  Sansi has agreed to drop this claim.[63]

Sansi's fifth cause of action is for Common Law Unfair Competition.  The elements of common law unfair competition are "(1) the plaintiff invested substantial time, skill or money in developing its property; (2) the defendant appropriated and used the property at little or no cost; (3) the plaintiff did not authorize or consent to the property's appropriation and use; and (4) the plaintiff

---

[63] Purcell Dec. ¶2.

Arent Fox LLP
Attorneys At Law
Washington

2:18-CV-03541 PSG (SKx)          - 29 -          MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LG ELECTRONICS USA, INC.'S MOTION FOR SUMMARY JUDGMENT

1    was injured by the appropriation and use." *Allen v. Ghoulish Gallery*, 2007 WL

2    4207923, *11 (S.D.Cal. Nov. 20, 2007).

3        **A.**    **The Salesforce Display Is Not Sansi's Property.**

4        The first three elements of a common law unfair competition claim all center

5    around one party appropriating the "property" of another.  Here, Sansi freely admits

6    it does not own the Salesforce Display.  Salesforce does.[64]  LG cannot appropriate

7    property from Sansi if Sansi does not actually own it.  Accordingly, Sansi has no

8    legal basis on which to pursue this claim.

9        **B.**    **LG's Alleged Conduct Does Not Constitute Either Express**

10           **Reverse-Passing Off Or Implied Reverse-Passing Off**

11       "The common law tort of unfair competition is generally thought to be

12   synonymous with the act of "passing off" one's goods as those of another." *Bank of*

13   *the West v. Super. Ct.*, 2 Cal. 4th 1254, 1263 (1992).  Here, Sansi alleges LG's

14   purported misconduct constitutes unlawful, unfair or fraudulent business acts in or

15   practices and has the "effect of reverse-passing off of Sansi's produce as LG's

16   product."[65]

17       As explained above, "express reverse passing off" takes place when "the

18   wrongdoer removes the name or trademark on another party's product and sells that

19   product under a name chosen by the wrongdoer." *Zito v. Steeplechase Films, Inc.*,

20   267 F.Supp. 2d 1022, 1028-29 (N.D.Cal. 2003).  "Implied reverse-passing off"

21   involves "removing or obliterating the name of the source and then selling [t]he

22   (sic) product in an unbranded state." *Id.* at 1029.

23       However, not only does this require sales of the item which was allegedly

24   "reverse-passed off", but reverse-passing off has been determined to, as a matter of

25   law, not prevent the copying of intellectual property. *OTR Wheel Engineering, Inc.*

26   *v. West Worldwide Services, Inc.*, 897 F.3d 1008, 1016 (9th Cir. 2018) (*citing*

27   ───────────────

[64] Purcell Dec. Ex. A, Hickey Tr. 37:3-21;  Ex. B, Bortles Tr. 53:15-18.

28   [65] SAC ¶ 60.

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)                            - 30 -                     MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

1   *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003)).  In the 9th

2   Circuit, "a reverse passing off claim requires the alteration of a product and a

3   subsequent sale." *Luxul Technology Inc.*, 78 F.Supp. 3d  at  1171; *see, e.g.*

4   *Fractional Villas, Inc.,*2009 WL at *1 (denying a reverse-passing off claim because

5   only plaintiff's content was used, not its actual products).

6           Sansi has never alleged that LG took any Sansi product, removed the Sansi

7   labeling, and resold it as its own.  Indeed, Sansi has never even alleged that LG ever

8   had access to any Sansi product at all, and instead has merely argued that Sansi's

9   intellectual property rights have been infringed.

10          Sansi's arguments are thus similar to those raised by the plaintiff in

11  *SkinMedica, Inc. v. Histogen, Inc.*, 869 F.Supp. 2d 1176, 1188-89 (S.D.Cal. 2012)

12  (the fact that plaintiff had several people call with inquiries based on defendant's

13  conduct was not "damage" enough to defeat summary judgment—court required

14  showing that people actually made decisions detrimental to plaintiff based on their

15  alleged confusion—"the common law tort of unfair competition consists of 'passing

16  off' or analogous acts, and is rooted in preventing conduct that harms competitors

17  by deceiving customers.").

18          Like the plaintiff in *SkinMedica*, Sansi is attempting to apply trademark law

19  where it has long been held not to apply, and therefore this cause of action fails as a

20  matter of law.

21  **C.     No Damages Are Available for Sansi's Common Law Unfair**

22          **Competition Cause of Action**

23          Finally, as with all its other claims, Sansi cannot show any damages caused

24  by LG's alleged conduct:

25      •   Sansi has not identified a single sale LG received due to the Article or

26          the eBooks.[66]

27

28  ───────────────
[66] Purcell Dec. Ex. B, Bortles Tr. 43:7-16, 73:24-74:5, 90:8-11, 90:23-91:20.

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)                    - 31 -                    MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LG ELECTRONICS USA, INC.'S
MOTION FOR SUMMARY JUDGMENT

1   • Sansi has not showed a single sale it lost as the result of the Article or
2       the eBooks.[67]
3   • Sansi cannot identify any entities who did business with them before
4       the Article came out and who no longer does business with Sansi
5       because of the Article or the eBooks.[68]
6   • Sansi does not sell OLED products,[69] so it cannot claim that any sales
7       LG made in the OLED space were sales that Sansi "missed out on."
8   • After the Article came out, Sansi's Vice President of channel sales
9       asked its dealers why they were not giving more business to Sansi.
10      None of the dealers mentioned LG as the reason.[70]

11  With no evidence of damages, Sansi's common law unfair competition claim
12  must also be dismissed. *Ghoulish Gallery*, 2007 at *11 (elements of unfair
13  competition claim include that "plaintiff was injured by the appropriation and use").

14  ## CONCLUSION

15  For the foregoing reasons, LG respectfully requests that the Court grant its
16  motion in its entirety.

17  Dated:  September 10, 2019          Respectfully submitted,

18                                     **ARENT FOX LLP**

19

20                                     By: */s/John S. Purcell*

21                                         John S. Purcell

22                                     Attorneys for Defendant
                                       LG ELECTRONICS USA, INC.

23

24  [67] Purcell Dec. Ex. B, Bortles Tr. 74:6-8, 93:11-20, 94, 96:21-24.

25  [68] Purcell Dec. Ex A, Hickey Tr. 66:11-17, 67:2-10, 129:8-132:5; Ex B, Bortles Tr.
26  74:6-8, 82:21-83:21, 90:23-91:20, 93:11-21, 96:19-24; Ex. D, Sansi's First Set of
    Interrogatory Responses, Nos. 1-4; Ex. E, Sansi's Second Set of Interrogatory
27  Responses, Nos. 23 and 24.

    [69] Purcell Dec. Ex A, Hickey Tr. 31:3-7; Ex. B, Bortles Tr. 100:22-101:3.
28  [70] Purcell Dec. Ex. B, Bortles Tr. 96:21-24, 125:17-127:9.

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

2:18-CV-03541 PSG (SKx)          - 32 -          MEMORANDUM OF POINTS AND AUTHORITIES
                                                 IN SUPPORT OF LG ELECTRONICS USA, INC.'S
                                                 MOTION FOR SUMMARY JUDGMENT